UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE RUIZ, | : CIVIL ACTION NO. 3:CV-15-0099 |
| Petitioner | : (Judge Nealon) |
| v. | : |
| LAUREL HARRY, | : |
| Respondent | : |

## MEMORANDUM

Petitioner, Jose Ruiz, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He attacks two convictions imposed by the Court of Common Pleas for York County, Pennsylvania. (Doc. 1). Presently before the Court is Respondent's motion to dismiss the habeas petition as untimely. (Doc. 5). For the reasons that follow, the petition will be dismissed as untimely.

### I. Background

    1.    **Criminal Case No. CP-67-CR-0007560-2006**

On September 19, 2007, after a jury trial, Petitioner was found guilty of one count each of rape of a child, involuntary deviate sexual intercourse with a child, aggravated indecent assault of a child, and two counts each of unlawful contact with a minor, indecent assault, and corruption of minors. (Doc. 5-3 at 1-23, Comm. of

Pa. v. Ruiz, CP-67- CR-0007560-2006, Criminal Docket Sheet).

On June 20, 2008, the trial court sentenced Ruiz to a term of incarceration of not less than sixteen nor more than thirty-two years incarceration. Id.

On September 24, 2008, Ruiz filed a Notice of Appeal with the Pennsylvania Superior Court. Id. On September 2, 2009, the Pennsylvania Superior Court affirmed Petitioner's judgment of sentence. Id. Ruiz did not file for allowance of appeal to the Pennsylvania Supreme Court. Id.

### 2.  Criminal Case No. CP-67-CR-0001095-2008[1]

On July 15, 2009, after a jury trial, Petitioner was found guilty of three counts each of rape of a child, involuntary deviate sexual intercourse with a child, and unlawful contact with a minor. See Comm. of Pa. v. Ruiz, CP-67- CR-0001095-2008.

On October 26, 2009, the trial court sentenced Ruiz to a term of incarceration

---

[1]Petitioner inaccurately references CP-67-CR-0001085-2008 as his criminal docket, and Respondents rely on this misrepresentation, by submitting as an exhibit to their response, the docket sheet in CP-67-CR-0001085-2088, which reflects the incorrect case name as Comm. of Pa. v. Steven Ray Brady. Thus, the Court takes judicial notice of Comm. of Pa. v. Jose Ruiz, CP-67-CR-0001095-2008. See Pennsylvania's Unified Judicial System Webportal, Common Pleas Courts Docket Sheets, available at: http:// ujsportal.pacourts.us/DocketSheets/CP.aspx.

2

of not less than thirty nor more than sixty years incarceration. Id.

On January 28, 2010, Ruiz filed a Notice of Appeal with the Pennsylvania Superior Court. Id. On December 7, 2010, the Pennsylvania Superior Court affirmed Petitioner's judgment of sentence. Id. On June 7, 2011, the Pennsylvania Supreme Court denied Ruiz's petition for allowance of appeal. Id.

On June 13, 2012, Ruiz filed his first *pro se* petition under Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541, et seq. Id. ("PCRA"), collaterally attacking his convictions in cases CP-67-CR-0007560-2006 and CP-67-CR-0001095-2008. (Doc. 5-1 at 3, Superior Court Opinion). Counsel was appointed, but rather than filing an amended PCRA petition, Ruiz's counsel filed a Turner/Finley[2] petition seeking permission to withdraw. Id. On November 5, 2012, the Court granted counsel's request to withdraw. Id. On December 10, 2012, the PCRA entered an order denying Ruiz's PCRA petition. Id.

On September 13, 2013, Ruiz filed a second *pro se* PCRA petition, again collaterally attacking his convictions in cases CP-67-CR-0007560-2006 and CP-67-CR-0001095-2008. Id. On September 30, 2013, the PCRA Court provided Ruiz

---

[2]See Comm. of Pa. v. Turner, 544 A.2d 927 (Pa. 1988); Comm. of Pa. v. Finley, 550 A.2d 213 (Pa. Super. 1998) (en banc).

3

with a notice of its intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907(1). Id. Ruiz did not respond to the Rule 907 notice. Id. Instead, on October 16, 2013, he filed a notice of appeal from the order entered September 30, 2013 and a statement of errors complained of on appeal. Id. On October 25, 2013, the PCRA court entered its order dismissing Ruiz's petition. By Memorandum Opinion dated September 30, 2014, the Pennsylvania Superior Court affirmed the PCRA court's dismissal of Ruiz's PCRA petition as untimely. Id.

On October 10, 2014, Ruiz filed a petition for allowance of appeal to the Pennsylvania Supreme Court from the Superior Court's September 30, 2014 Memorandum Opinion, which was denied on December 10, 2014. See Comm. of Pa. v. Ruiz, CP-67-CR-0001095-2008.

On January 16, 2015, Petitioner filed the instant petition for writ of habeas corpus in which he again challenges his conviction and sentenced in cases CP-67-CR-0007560-2006 and CP-67-CR-0001095-2008. (Doc. 1, petition). In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), the Court issued formal notice to Ruiz that he could either have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or

successive petition, absent certification by the court of appeal, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (Doc. 2). On March 16, 2015, Ruiz returned the notice of election, indicating that he wished to proceed with his petition for writ of habeas corpus as filed. (Doc. 3). On April 7, 2015, Respondent filed a motion to dismiss the petition as untimely. (Doc. 5). Although provided with an opportunity to file a brief in opposition to Respondent's motion, (see doc. 10), to date Petitioner has only filed a request for an evidentiary hearing and a letter requesting an update on his case. (See Docs. 9, 12).

## II. Discussion

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

5

subsection.

28 U.S.C. § 2244(d)(1)-(2)(emphasis added); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of §2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). ("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.")(emphasis in original); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(*per curiam*); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in

6

state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under §2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under §2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

The AEDPA statute of limitations also may be subject to equitable tolling. The Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In Merritt, the Court of Appeals set forth two general

7

requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations omitted).

### A. Statutory Tolling

Ruiz's judgement of sentence in Criminal Case No. CP-67-CR-0007560-2006 was affirmed on September 2, 2009, and because he did not file a petition for review in the Pennsylvania Supreme Court, the judgement became final at the expiration of the thirty-day period to file the petition for review. See Pa.R.App.P. 1113(a). Thus, his judgment of sentence was final on October 2, 2009. Thus, the clock for filing a § 2254 petition began on October 2, 2009 and he had until Monday, October 4, 2010, to file a timely habeas corpus petition. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

With respect to Criminal Case No. CP-67-CR-0001095-2008, Ruiz's petition for allowance of appeal to the Pennsylvania Supreme Court was denied on June 7, 2011, and his judgement of sentence became final on September 5, 2011, at the expiration of the ninety-day period to file a petition for *writ of certiorari* with the United States Supreme Court. See U.S. Sup.Ct. R. 13; 42 Pa.C.S.A. § 9545(b)(3).

Thus, the clock for filing a § 2254 petition began on September 5, 2011 and he had until September 5, 2012, to file a timely habeas corpus petition. Burns, 134 F.3d at 111.

Pursuant to 28 U.S.C. §2244(d)(2), when Ruiz filed his timely PCRA petition[3] on June 13, 2012, the AEDPA's filing period was statutorily tolled, with

---

[3] In Pace v. DiGugliemo, 125 S. Ct. 1807 (2005), which involved Pennsylvania's post-conviction review statute, the nation's High Court ruled that an untimely PCRA petition is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) so as to suspend the running of the habeas corpus limitations period. Id. at 1811. As the Third Circuit Court of Appeals has observed, "[a]n untimely state petition for post-conviction relief cannot be 'properly filed' for purposes of § 2244(d)(2)." Satterfield v. Johnson, 434 F.3d 185, 194 (3d Cir. 2006) (citing Pace, 125 S. Ct. at 1811). Both the state trial court and the Pennsylvania Superior Court have determined that Ruiz's second PCRA petition, filed on September 13, 2013, was untimely. These determinations are conclusive on the question of whether those state court applications were "properly filed" for purposes of § 2244(d)(2). See Evans v. Chavis, 126 S.Ct. 846, 850 (2006) (state court ruling that habeas petitioner's delay in seeking state court relief was unreasonable "'would be the end of the matter'") (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)); Pace, 125 S.Ct. at 1812 ("When a post conviction petition is untimely under state law, 'that is the end of the matter' for purposes of § 2244(d)(2)."); Fountain v. Kyler, 420 F.3d 267, 272 n.3 (3d Cir. 2005) ("because the Superior Court found [Fountain's] second [PCRA] petition untimely, it was not 'properly filed' and thus did not serve to toll the running of the statute of limitations"). As explained in Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003), once the highest Pennsylvania court to address the matter rules that a PCRA petition is untimely, "it would be an undue interference for a federal district court to decide otherwise." Thus, the state court rulings that Ruiz's second PCRA petition was untimely compel the conclusion that this habeas corpus petition is likewise time-barred. See Brown v. Klem, No. Civ. A. 05-824, 2006 WL 263607, at *6 (E.D. Pa. Feb. 1, 2006).

9

approximately 84 days of the one (1) year filing period remaining. See Harris, 209 F.3d at 328. Petitioner's PCRA petition was pending until December 10, 2012, when the PCRA court denied Ruiz's PCRA petition. Because Ruiz did not seek relief from the Pennsylvania Superior Court, his judgment of sentence became final on January 9, 2013, thirty days after the time for filing an appeal with the Pennsylvania Superior Court expired. See 28 U.S.C. §2244(d)(1)(A); Pa. R. App. P. 903; 42 Pa.C.S.A. §9545(b)(3). Accordingly, the remaining 84 days of the one-year limit for Petitioner to timely file a federal petition for writ of habeas corpus began on January 9, 2013 and expired on April 2, 2013. The instant petition was not filed until January 16, 2015, almost two years after the limitations period expired. Thus, the petition for habeas corpus relief is barred by the statute of limitations, and should be dismissed as untimely, unless the statute of limitations is subject to statutory or equitable tolling.

### B. Equitable Tolling

A habeas petitioner may also be entitled to equitable tolling of the AEDPA statute of limitations. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir.2003), cert. denied, 540 U.S. 921 (2003) (holding that AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception). However, the habeas

10

petitioner bears the burden of demonstrating his entitlement to equitable tolling and his due diligence. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Cooper v. Price, 82 Fed. Appx. 258, 260 (3d Cir.2003). Moreover, the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt, 326 F.3d at 161. Thus, while equitable tolling is permitted in state habeas petitions under AEDPA, it is not favored. "Courts must be sparing in their use of equitable tolling" and only permit equitable tolling where "principles of equity would make rigid application of a limitation period unfair." Sistrunk v. Rozum, 674 F.3d 181, 189 (3d Cir.2012).

In Merritt, the Third Circuit Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claims." Merritt, 326 F.3d at 168 (internal citations and quotations omitted). Mere excusable neglect is not sufficient. Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618–19 (3d Cir.1998). The Court of Appeals has identified additional circumstances in which equitable tolling is warranted: (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some

extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, and (4) the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him. See Yanes v. Nish, 2009 WL 1045884, *2 (M.D. Pa.2009) (Caldwell, J.) (citing Jones, 195 F.3d at 159).

In the present matter, Petitioner does not specifically argue that he is entitled to equitable tolling and he presents no evidence to account for the delay in filing the instant federal petition for writ of habeas corpus. Petitioner does not allege that he has been actively misled by Respondents or the Court, and the record reflects no basis for the argument.

Furthermore, it does not appear that Petitioner's rights were prevented in an extraordinary manner, he fails to allege that he exercised due diligence in investigating and bringing his claim, and he has not alleged that he asserted his rights in the wrong forum. As such, equitable tolling is inapplicable in this matter.

### III. Certificate of Appealability.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should

12

issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred. It is statutorily barred, and neither statutory nor equitable tolling apply to the petition.

IV. **Conclusion**

In light of the foregoing, the petition for writ of habeas corpus will be **DISMISSED**, and the case will be **CLOSED**. An appropriate order will follow.


Dated: February 2, 2016                    /s/William J. Nealon
                                           **United States District Judge**